**Shirley CAMPBELL and Lauren Campbell, Plaintiffs, Appellants,**

v.

**WASHINGTON COUNTY TECHNICAL COLLEGE, James P. Morrell, and Maurice E. Marden, Defendants, Appellees.**

**No. 99–2262.**

United States Court of Appeals, First Circuit.

Heard May 9, 2000.

Decided July 17, 2000.

---

4

Bernard J. Kubetz, with whom Thad B. Zmistowski and Eaton, Peabody, Bradford & Veague, P.A. were on brief for appellants.

Charles A. Harvey, with whom Harvey & Frank was on brief for appellees.

Before BOUDIN, Circuit Judge, BOWNES, Senior Circuit Judge, and LYNCH, Circuit Judge.

BOWNES, Senior Circuit Judge.

This "slip and fall" case comes to us on appeal from the United States District Court for the District of Maine. The plaintiff-appellants, Shirley and Lauren Campbell, brought this suit against the defendant-appellees, Washington County Technical College and James P. Morrell and Maurice E. Marden, seeking damages for injuries suffered by Shirley Campbell when she slipped and fell on the campus of the College. The defendants moved for summary judgment on two grounds: that the College is immune from liability under the governmental immunity provisions of the Maine Tort Claims Act, Me.Rev.Stat. Ann. tit. 14, §§ 8102, 8103(1), 8104 (West Supp.1999); and that the individual defendants were employees of the College and therefore immune to suit, *see* Me.Rev.Stat. Ann. tit. 14, §§ 8102(1), 8111 (West Supp. 1999). The district court, Brody J., granted defendants' motion, holding that immunity applied. It further held that the individual defendants were employees of the College and therefore also immune from suit. For the reasons stated below, we affirm the district court's decision.

## I.

The plaintiffs operated a restaurant on the College campus and lived in one of its residence halls. Plaintiff Shirley Campbell alleges that on the evening of February 2, 1998, she was injured when she slipped and fell on snow or ice on the fire lane adjacent to her residence.[1] The plaintiffs contend that Shirley Campbell's fall was caused by the negligent failure of the individual defendants to properly maintain the fire lane in a reasonably safe condition, and the College's failure to properly light the fire lane so that pedestrians could see hazards such as snow and ice.

The fire lane is a paved roadway used by fire and emergency vehicles, police on patrol, maintenance people, contractors, and residents loading and unloading heavy household goods. It is also the sole passageway to the second-floor apartments where the plaintiffs lived. Prior to 1992, the fire lane was illuminated by lights on poles placed along the fire lane. In 1992, the College removed the lights and poles from the fire lane and attached the lights to the residence halls adjacent to the fire lane. The purpose of the lights remained the same: to light the fire lane.

At the time of Shirley Campbell's fall, the College's maintenance department did not plow and sand the fire lanes and parking lots. Instead, the College hired two faculty members, Defendants Morrell and Marden, to plow and sand those areas.

## II.

We follow the accepted summary judgment standard; our review is de novo. *See Houlton Citizens' Coalition v. Town of Houlton,* 175 F.3d 178, 184 (1st Cir.1999). We view the facts in the light most favorable to the opposing party. *See New York State Dairy Foods, Inc. v. Northeast Dairy Compact Comm'n,* 198 F.3d 1, 3 (1st Cir.1999). In the absence of a genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Nereida–Gonzalez v. Tirado–Delgado,* 990 F.2d 701, 703 (1st Cir.1993); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

There are essentially two issues: whether the district court correctly ruled that the Maine Tort Claims Act entitled the College to immunity from suit; and whether the district court correctly ruled that the two individual defendants were employees of the College and thus shielded

---

1. The plaintiff Lauren Campbell's claim is for loss of consortium.

from suit by the College's cloak of immunity.

## A. Immunity of the College

■ The Act's grant of immunity from suit is broad in scope but contains a number of exceptions. The Act provides in pertinent part:

> **Immunity.** Except as otherwise expressly provided by statute, all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages. When immunity is removed by this chapter, any claim for damages shall be brought in accordance with the terms of this chapter.

Me.Rev.Stat. Ann. tit. 14, § 8103(1) (West Supp.1999).

There are two pertinent exceptions to the grant of immunity:

> **Public Buildings.** A governmental entity is liable for its negligent acts or omissions in the construction, operation or maintenance of any public building or the appurtenances to any public building.

Me.Rev.Stat. Ann. tit. 14, § 8104–A(2) (West Supp. 1999).

and:

> **Road construction, street cleaning or repair.** A governmental entity is liable for its negligent acts and omissions arising out of and occurring during the performance of construction, street cleaning or repair operations on any highway, town way, sidewalk, parking area, causeway, bridge, airport runway or taxiway, including appurtenances necessary for the control of these ways including, but not limited to, street signs, traffic lights, parking meters and guardrails. A governmental entity is not liable for any defect, lack of repair or lack of sufficient railing in any highway, town way, sidewalk, parking area, causeway, bridge, airport runway or taxiway or in any appurtenance thereto.

*Id.* § 8104–A(4).

Plaintiffs argued in district court that the fire lane was an appurtenance to the residence halls and that the College was liable based on the exception to immunity provided by § 8104–A(2). The district court found that the fire lane was not an appurtenance to the building and that the College was immune from liability. Plaintiffs explicitly abandoned this claim on appeal. The only issue remaining as to defendant College is whether the lighting system's attachment to the residence halls pierces the College's immunity under § 8104–A(2).

■ As in other cases involving statutory interpretation, we look first to the Act's plain language. *See United States v. Meade,* 175 F.3d 215, 219 (1st Cir.1999). Absent ambiguity, the inquiry ends with the text of the statute. *See United States v. Charles George Trucking Co.,* 823 F.2d 685, 688 (1st Cir.1987).

> The district court held that,
> since Campbell's fall occurred on the fire lane, the public building exception does not apply, and no exception to [the College's] immunity exists under 8104–A(4). Furthermore, section 8104–A(4) explicitly provides that a governmental entity shall not be liable for "any defect" with regard to roadways and their appurtenances. If the failure to make visible the ice on the fire lane constitutes a defect, then the college is immune.

*Campbell v. Washington County Technical College,* No. 98–cv–247–B, 1999 WL 1995217 (D.Me. Oct. 28, 1999) (internal citations and footnote omitted). After a careful review of the record and the pertinent case law, we agree with the district court's ruling.

## B. James R. Morrell and Maurice E. Marden

■ Plaintiffs argue that the district court erred in labeling the individual de-

fendants "employees" of the College. This designation shields the defendants from liability, pursuant to Me.Rev.Stat. Ann. tit. 14, § 8111(1) (West Supp.1999). Plaintiffs contend that, under Maine law, the individual defendants were independent contractors based on the language of the snow removal contract. The contract states, in pertinent part:

> **Independent Capacity.** The parties hereto agree that the Contractor, and any agents and employees of the Contractor, in the performance of this agreement, shall act in an independent capacity and not as officers, employees or agents of MTCS.

Defendants contend that Maine courts have never deemed the language in a potentially self-serving form contract to be dispositive on this issue. Rather, defendants argue, the district court correctly applied the eight-factor test established by *Murray's Case*, 130 Me. 181, 154 A. 352 (Me.1931), to determine whether the individual defendants were employees or independent contractors.

 Maine courts follow the oft-stated rule that the legal relationship between the parties does not turn on the label the parties themselves attach. *See Legassie v. Bangor Publishing Co.*, 741 A.2d 442, 445 (Me.1999) (holding that contractual language is merely a factor in the *Murray's Case* test); *Lewiston Daily Sun v. Unemployment Ins. Comm'n*, 733 A.2d 344, 345 (Me.1999) (holding that despite a contract that termed a worker an independent contractor, the worker was, as a matter of law, an employee); *North East Ins. Co. v. Soucy*, 693 A.2d 1141, 1144 (Me.1997) (holding that no one factor in the test controls). Rather, the legal relationship is determined by the test laid out in *Murray's Case. See Legassie*, 741 A.2d at 445. The factors of the test are as follows:

(1) the existence of a contract for the performance by a person of a certain piece or kind of work at a fixed price;

(2) independent nature of his business or his distinct calling;

(3) his employment of assistants with the right to supervise their activities;

(4) his obligation to furnish necessary tools, supplies, and materials;

(5) his right to control the progress of the work except as to the final results;

(6) the time for which the workman is employed;

(7) the method of payment, whether by time or by job;

(8) whether the work is part of the regular business of the employer.

*Murray's Case*, 154 A. at 354. After reviewing the undisputed facts and applying them to this test, the district court found that the defendants were employees and therefore immune from liability. *See Campbell*, No. 98–cv–247–B, 1999 WL 1995217.

The defendants' motion for summary judgment set forth assertions of fact material to this issue, and whatever contests there may be about other facts, plaintiffs do not claim that there are disputed facts pertinent to the question of whether the individual defendants were employees or independent contractors. The plaintiffs and the defendants disagree about whether these facts justify labeling the individual defendants employees (as the defendants contend) or independent contractors (as the plaintiffs contend); but the choice of the proper legal label was the issue presented to the district judge.

Of course, on summary judgment, factual inferences are to be drawn in favor of the non-moving party, but that rule refers to the inferring of one fact from another. Here, whether the individual defendants should be called employees or independent contractors does not amount to inferring one fact from another; it is a determination as to legal status or characterization based (in this case) on undisputed facts.

After considering the facts and the record, we are satisfied on appeal, viewing the

matter de novo, that the district judge was correct in finding that the factors favoring the employee label outweigh the factors favoring the independent contractor label.

We note that the plaintiffs might have argued—but did not—that although all of the pertinent facts are undisputed, the issue should have gone to the jury if the characterization question was a close call. Sometimes, legal questions are left to the jury in close cases even where all the facts are undisputed (*e.g.*, whether behavior is negligent) and sometimes not (*e.g.*, the interpretation of a written document based solely on its language). Whether this "judge versus jury" issue would be governed by federal or state law in a diversity case, *Cf. Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958), and how it would be treated under federal or Maine law, are interesting questions but they need not be resolved in this case.

We need not pursue this line of argument because, after a thorough review of the record, we find that it was not briefed in the district court and is certainly not fairly presented on appeal. *See Ocean Spray Cranberries, Inc. v. Pepsico, Inc.*, 160 F.3d 58, 60–61 (1st Cir.1998). This in turn makes it unnecessary for us to determine just how "close" is the district court's decision—with which we agree—to characterize the relationship as an employer-employee one. It is worth stressing that where a labeling issue (or, for that matter, a decision on a strictly factual question) is so one-sided as to permit only one reasonable result, that issue will be decided by the judge (at least in a civil case) regardless of whether it is ordinarily an issue that would be left to the jury.

The judgment of the district court is *affirmed*.