**NEPSK, INC., d/b/a Houlton Cable, Plaintiff,**

v.

**TOWN OF HOULTON, Defendant.**

**Civ. No. 00–CV–130–B–C.**

United States District Court, D. Maine.

April 11, 2001.

Bruce C. Gerrity, Ann R. Robinson, Preti, Flaherty, Beliveau, Pachios & Haley,

LLC, Augusta, ME, Roy T. Pierce, Preti, Flaherty, Beliveau, Pachios & Haley, LLC, Portland, ME, for plaintiff.

Joseph J. Hahn, Kate S. Debevoise, Lee K. Bragg, Bernstein, Shur, Sawyer, & Nelson, Portland, ME, for defendant.

## MEMORANDUM OF DECISION [1]

KRAVCHUK, United States Magistrate Judge.

This suit relates to the Defendant Town of Houlton's decision not to renew the cable franchise held by Plaintiff NEPSK, Inc., d/b/a Houlton Cable, to seek competitive proposals for the Town's cable franchise, and to award the franchise to a third-party. Plaintiff commenced this suit with a four-count complaint filed June 22, 2000, alleging breach of contract and violations of three provisions in the Cable Communications Policy Act of 1984, as amended by the Cable Television Consumer Protection and Competition Act of 1992 and the Telecommunications Act of 1996, codified in pertinent part at 47 U.S.C. §§ 521–573. On September 5, 2000, Defendant answered the complaint and raised a counterclaim seeking a declaratory judgment, *inter alia*, that Plaintiff is not entitled to the relief it seeks and that Plaintiff must facilitate the transfer of the franchise to the third party. By order dated December 7, 2000, this Court entered judgment against two of the statutory counts due to Plaintiff's failure to timely respond to Defendant's Rule 12(c) motion for judgment on the pleadings. This order was subsequently affirmed on March 19, 2001, on Plaintiff's motion for reconsideration. Meanwhile, on February 9, 2001, the Court denied Plaintiff's motion for summary judgment against the counterclaim.

Now before the Court is a dispositive motion by Defendant for entry of judgment against Plaintiff's remaining claims, Courts III and IV, pursuant to Rules 12(b)(6) and 56. Because Plaintiff concedes that Count IV is not supported by the summary judgment record, I address only Count III in the discussion section of this Order. Because I agree with Defendant that Count III fails to state a claim, the factual background is drawn from those allegations in the complaint that are material to Count III.

### RULE 12(b)(6) STANDARD

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences in the plaintiff's favor, and determine whether the allegations and inferences, when taken in the light most favorable to the non-movant, support the claim for relief. *Clorox Co. v. Proctor & Gamble Commer. Co.*, 228 F.3d 24, 30 (1st Cir.2000); *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998).

### BACKGROUND

On March 31, 2000, the Town of Houlton issued a notice entitled, "Cable Television Franchise Request for Proposals," seeking "proposals from qualified cable operators that wish to provide cable services over a cable system in the Town of Houlton." Contained in the request for proposals was the following statement:

> The Town of Houlton recognizes that it cannot award an exclusive cable television franchise to any applicant. Nevertheless, the Town also recognizes that the Town of Houlton can only feasibly support one cable television franchise at one time. Accordingly, the Town intends to award only one cable television

---

1. Pursuant to Fed.R.Civ.P. 73(b), the parties have consented to allow the United States Magistrate Judge to conduct any and all proceedings in this matter.

franchise during the next ten-year period, which will be the franchise awarded as a result of this RFP process.

According to the Town's former Town Manager, the Town did not undertake an in-depth investigation into whether the Town could support two cable services, but concluded that it could not because no municipality in Maine, including much larger municipalities such as Portland and Bangor, has more than one cable company servicing it, and because of representations made by Houlton Cable, as the holder of the cable franchise during the preceding fifteen years, that the Town was not large enough to support two franchises.

The Town received proposals from two parties, NEPSK, Inc., d/b/a Houlton Cable ("Houlton Cable") and Pine Tree Cablevision Associates ("Pine Tree"). At its May 22, 2000 town meeting, the Houlton Town Council voted to pursue negotiations with Pine Tree. According to Houlton Cable, Pine Tree's proposal was inferior to Houlton Cable's in certain respects because Pine Tree at that time had no infrastructure in place to operate a cable system and because Pine Tree cannot carry programming from the CBS network or the local ABC and NBC affiliates in Bangor.

### DISCUSSION

Except for certain cable services, "a cable operator may not provide cable service without a franchise." 47 U.S.C. § 541(b). A "franchise" is "an initial authorization, or renewal thereof," issued by a franchising authority to construct or operate a cable system. 47 U.S.C. § 522(9). A "franchising authority" is defined as "any governmental entity empowered by [f]ederal, [s]tate, or local law to grant a franchise." 47 U.S.C. § 522(10). Count III asserts a claim for relief based on an alleged violation of 47 U.S.C. § 541(a), which provides:

§ 541. General franchise requirements

(a) **Authority to award franchises; public rights-of-way and easements; equal access to service; time for provision of service; assurances**

(1) A franchising authority may award, in accordance with the provisions of this subchapter, 1 or more franchises within its jurisdiction; except that a franchising authority may not grant an exclusive franchise and may not unreasonably refuse to award an additional competitive franchise. Any applicant whose application for a second franchise has been denied by a final decision of the franchising authority may appeal such final decision pursuant to the provisions of section 555 of this title for failure to comply with this subsection.

Section 555 provides, in turn, "Any cable operator adversely affected by any final determination made by a franchising authority under section 541(a)(1) ... may commence an action ... in–(1) the district court of the United States for any judicial district in which the cable system is located...." 47 U.S.C. § 555. The issue presented by the motion is whether § 541(a)(1)'s authorization to appeal the denial of an application for a "second franchise" is available to Houlton Cable, which lost out in a competitive bidding process for a single franchise.

According to the Town, Houlton Cable has failed to state a claim for relief pursuant to § 541(a)(1) because it does not allege that it was an applicant for a "second," or "additional" competing franchise. Houlton Cable responds that the statutory language extends a right to appeal to unsuccessful co-applicants for a single franchise because an award of two franchises to competitive bidders would involve an "additional competitive franchise." Additionally, Houlton Cable contends that the Town may not unreasonably deny it a sec-

ond franchise if its proposal is better than Pine Tree's proposal. In support of its position, Houlton Cable notes that § 541 was enacted to promote competition in the provision of cable television services. In reply, the Town argues that Houlton Cable's interpretation of § 541 is illogical because it would require a franchising authority to grant two or more franchises whenever two or more competing proposals are received.

In support of its argument that the reasonableness requirement of § 541(a) and the right to appeal applies to competing franchise applications, Houlton Cable cites *Cox Cable Comm., Inc. v. United States,* 992 F.2d 1178 (11th Cir.1993). This case is not on point. In *Cox Cable,* plaintiff Cox Cable filed suit against the United States based on the decision of the Robins Air Force Base to grant an exclusive cable franchise to Centerville Telecable, the winner of a competitive bidding process. *Id.* at 1180. Cox Cable had previously provided cable services to the Base pursuant to a ten-year exclusive franchise with the Air Force. *Id.* Cox Cable claimed that the grant of the exclusive franchise to Centerville violated its First Amendment and Fifth Amendment rights. *Id.* The District Court for the Middle District of Georgia permitted Centerville to intervene in the suit. *Id.* Thereafter, the United States settled with Cox Cable and the litigation continued between Cox Cable and Centerville. *Id.* Pursuant to the settlement agreement, the United States agreed to permit Cox Cable to continue providing cable services at the Base. *Id.* Because the United States was not opposing Cox Cable's provision of cable services, the case cannot be construed to concern a refusal by a franchising authority to grant a competing franchise. For this reason, *Cox Cable* cannot support the proposition that franchising authorities must consider granting multiple franchises whenever more than one proposal is submitted in response to a request for proposals. For its part, the Town cites *I–Star Communications Corp. v. City of East Cleveland,* 885 F.Supp. 1035 (N.D.Ohio 1995). This case is not on point, either. In *I–Star,* the District Court for the Northern District of Ohio held that I–Star did not state a claim for relief pursuant to § 541(a)(1) because the case concerned the City's efforts to revoke I–Star's existing franchise, not a denial of an application for a "second competitive franchise." Neither *Cox Cable* nor *I–Star* provides any persuasive reasoning that might aid in the resolution of the issue presented here. I have been unable to find any governing or persuasive authority on point in the course of my research.

■ Although the language of § 541 is not the model of clarity, I would not describe § 541 as ambiguous with respect to the issue presented by this case. "Absent ambiguity, the inquiry ends with the text of the statute." *Campbell v. Wash. County Tech. Coll.,* 219 F.3d 3, 6 (1st Cir.2000). It appears plain to me that Houlton Cable tortures the language of § 541 when it insists that its competitive bid for the Houlton cable franchise constituted a bid for an "additional" or "second" franchise within the meaning of § 541.

Moreover, it is inaccurate for Houlton Cable to suggest that the interest of competition would be served if every applicant in the competitive bidding process were entitled to receive a franchise unless the franchising authority could show a valid reason to refuse one. In the first place, this ignores the fact that, technically, the Town is not statutorily required to award a franchise to any applicant. But more to the point, if every applicant were entitled to consideration for an award of an additional franchise, the competitive bidding process would be substantially undermined

because it would lessen the incentive for applicants to propose the lowest price and highest quality service possible. On the other hand, the Town's contention that Houlton Cable's construction would force a franchising authority to always grant at least two franchises when two or more proposals are received is overstated. Houlton Cable does not ignore the fact that § 541 permits the Town to reasonably refuse to award additional franchises. Rather, Houlton Cable wants a trial on the reasonableness issue. In any event, Houlton Cable's construction of § 541 simply violates the plain meaning rule.

 I also note that the Town's advance notification that it did not intend to grant more than one franchise does not in itself establish a violation of the Act or that the Town unreasonably refused to award Houlton Cable a franchise. Although the Act prohibits exclusive franchises, it does not mandate that more than one franchise be awarded. Additionally, although Houlton Cable alleges that Pine Tree cannot provide certain programming that it can, there is no indication that the Act requires the Town to award a franchise on this basis alone. The complaint is barren of facts material to the issue of whether the Town of Houlton can support more than one cable franchise. That issue is distinct from the issue of which proposal presents the more "competitive" offer.

A natural reading of § 541 requires that Houlton Cable apply for a second franchise before it can ask this Court to review whether it is reasonable to refuse one. The evidence that the Court would consider under that claim might be very different from the type of evidence relied upon by Houlton Cable in support of its current § 541 claim. Nowhere in its complaint does Houlton Cable assert that it applied for and was denied a "second" or "additional" franchise. Essentially, the com-

plaint and the supporting documentation present a claim that the Town of Houlton erred when it selected Pine Tree in the competitive bidding process then under consideration. The statutory scheme sets out a mechanism for review of an existing franchisee's non-renewal, 47 U.S.C. § 546. It also provides the § 541 review for the denial of a "second" franchise. Nowhere in the statutory scheme is there a provision for court review of a competitive bidding process, yet that is actually what Houlton Cable wants this Court to do. That claim is not actionable pursuant to § 541(a).

CONCLUSION

In sum, I believe that the construction favored by the Town is in line with the wording of § 541 as well as the purpose of the Act. Because Houlton Cable is not an applicant for a "second franchise," the authorization provided in § 541(a)(1) to appeal the denial of a second franchise is inapplicable and Houlton Cable fails to state a claim for relief in Count III. Accordingly, the Town's motion to dismiss Count III is **GRANTED**. The Town's motion for summary judgment against Count IV is also **GRANTED** because Houlton Cable concedes that Count IV is not supported by the evidence.

So Ordered.