Michalski v. Ruiz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand twenty-one.

**PRESENT:**

Debra Ann Livingston,
*Chief Judge,*
José A. Cabranes,
Gerard E. Lynch,
*Circuit Judges*.

───────────────────────────────

**Marco A. Michalski,**

*Plaintiff-Appellant*,

**v.**                                                                  **20-595**

**Ricardo Ruiz, Doctor, Samuel Berkowitz, Doctor,**

*Defendants-Appellees*.*

───────────────────────────────

**FOR PLAINTIFF-APPELLANT:**                Marco A. Michalski, *pro se*, Somers, CT.

─────────────────

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

1

**FOR DEFENDANTS-APPELLEES:**
James W. Donohue, Assistant Attorney General, *for* William Tong, Attorney General for the State of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bolden, *J.*; Garfinkel, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Marco A. Michalski ("Michalski"), *pro se* and incarcerated, sued Defendants-Appellees Dr. Ricardo Ruiz ("Dr. Ruiz"), a prison physician, and Dr. Samuel Berkowitz ("Dr. Berkowitz"),[2] a consulting podiatrist, under 42 U.S.C. § 1983 for violating his Eighth Amendment rights, alleging that they were deliberately indifferent to his foot pain and congenital foot deformities. The district court granted the doctors' motion for summary judgment, concluding that there was no evidence in the record from which a reasonable jury could find that the doctors acted with deliberate indifference. Michalski appeals. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

\* \* \*

We review orders granting summary judgment *de novo*, construing all evidence and drawing all reasonable inferences in favor of the non-moving party. *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013) (per curiam). Summary judgment is appropriate when

---

[2] Dr. Berkowitz's name was spelled "Burkowitz" in the original case caption and in some filings, but it appears from the record that the correct spelling is "Berkowitz."

2

there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *Id.*

To prevail on an Eighth Amendment claim for deliberate indifference to medical needs, a plaintiff must meet two requirements.  *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). The first requirement is objective: the plaintiff must demonstrate that she "was actually deprived of adequate medical care" and that "the inadequacy in medical care is sufficiently serious."  *Id.* at 279–80.  The second requirement is subjective: the plaintiff must show that the defendant acted or failed to act with deliberate indifference, "a mental state equivalent to subjective recklessness, as the term is used in criminal law."  *Id.* at 280.  In other words, the plaintiff must show that the defendant acted or failed to act "while actually aware of a substantial risk that serious inmate harm will result."  *Id.*  This "entails more than mere negligence; the risk of harm must be substantial and the official's actions more than merely negligent."  *Id.*  Thus, an Eighth Amendment violation does not arise from "the mere malpractice of medicine in prison," including "a delay in treatment based on a bad diagnosis."  *Harrison v. Barkley*, 219 F.3d 132, 139 (2d Cir. 2000).

Even assuming *arguendo* that Michalski can satisfy the objective requirement, we affirm because we agree with the district court that Michalski fails to meet the subjective requirement as to either Dr. Ruiz or Dr. Berkowitz.  Michalski did not adduce evidence, apart from his own speculation, that either doctor acted or failed to act while aware of a substantial risk that serious harm would result.  *See Salahuddin*, 467 F.3d at 280.  With respect to Dr. Ruiz, Michalski suggested in his declaration that Dr. Ruiz provided him inserts that were the wrong size and that he disagreed with Dr. Ruiz as to the proper course of treatment.   This conduct, at most, qualifies as negligence, which is insufficient to establish deliberate indifference.  *See Harrison*, 219 F.3d

3

at 138–39.  Moreover, "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim."  *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Contrary to Michalski's claims regarding Dr. Ruiz's failure to treat him, the record shows that Dr. Ruiz met with Michalski at several appointments, examined him, noted his history of pes planus that had been treated with bilateral steroid injections and corrective shoes, and prescribed treatment in the form of corrective inserts.

With respect to Dr. Berkowitz, Michalski emphasizes that Dr. Berkowitz formed several different impressions regarding the cause of his pain.  To be sure, the record shows that Dr. Berkowitz changed his impression of Michalski's condition at several junctures throughout the course of his treatment of Michalski:  At Michalski's June 2017 visit, Dr. Berkowitz examined Michalski and opined that his arch contours appeared normal and that he did not appear to be in severe pain, though he may have been having attacks of gout.  In February 2018, Dr. Berkowitz noted Michalski's medical history and pre-incarceration treatment with a corrective shoe, reexamined Michalski, and opined that he had synovitis of the right subtalar joint.  And in April 2018, Dr. Berkowitz again reexamined Michalski, opined that Michalski had bilateral plantar fasciitis, and prescribed arch supports and plantar fascia stretching.  But the record contains no evidence, apart from Michalski's speculation, that Dr. Berkowitz's changing impressions were the product of deliberate indifference rather than medical judgment.  And although Michalski would have preferred to receive corticosteroid injections, his disagreement with Dr. Berkowitz as to the appropriate treatment does not establish an Eighth Amendment violation.  *Id.*  We therefore conclude that the district court properly granted summary judgment to both Dr. Ruiz and Dr. Berkowitz.

4

\* \* \*

We have considered all of Michalski's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court