**Lily C. SWALLOW, et al.**

v.

**CITY OF LEWISTON.**

Supreme Judicial Court of Maine.

Argued Nov. 20, 1987.

Decided Dec. 22, 1987.

Ronald P. Lebel (orally), J. Mitchell Flick, Rocheleau, Fournier & Lebel, Lewiston, for plaintiffs.

Laurie A. Gibson, Stephen B. Wade (orally), Skelton, Taintor & Abbott, Auburn, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Defendant City of Lewiston appeals from a judgment of the Superior Court (Androscoggin County) entered on a jury verdict in favor of plaintiffs, Lily and Carl Swallow. On appeal the city contends: (1) that the court erroneously failed to find plaintiffs' claims barred by governmental immunity; (2) that the trial justice erred in instructing the jury concerning the applicability of the Lewiston Building Code; (3) that the trial justice erred on an evidentiary ruling; and (4) that the jury award of damages is inconsistent and excessive. We find no error in the ruling on governmental immunity, but we vacate the judgment because of an erroneous application of the Lewiston Building Code.

**I.**

The facts relevant to this appeal may be briefly summarized as follows: Plaintiff Lily Swallow accompanied her husband Carl to a tool show held at the Lewiston Multi-Purpose Center in September of

1984. Sometime between 7:30 and 8:00 p.m., she left the show and walked down the front walkway leading from the building to the parking area in front of the building. She testified that when she stepped on the curb, located some 20 to 25 feet from the building, she was thrown off balance and fell forward injuring her knee and face. Plaintiff testified that she did not see the curb because it was dark when she left the building. The evidence at trial focused upon the adequacy of the exterior lighting of the building.

## II.

Plaintiff's suit against the city included a count for negligence within the exception to governmental immunity under 14 M.R.S.A. § 8104(2) (1980) (maintenance of public building) and a count for general negligence within the exception to immunity under 14 M.R.S.A. § 8116 (1980 & Supp.1987) (insurance coverage).[1] Prior to trial, plaintiffs filed a motion for partial summary judgment to obtain a ruling that defendant was not protected by governmental immunity on either count of the complaint. The motion justice declined to rule as a matter of law on the applicability of 14 M.R.S.A. § 8104(2) but ruled that governmental immunity was precluded on both counts by the fact that the city had insurance coverage. The city now contends that the court erred because coverage for this incident was excluded by the terms of its insurance policy. We disagree.

The central core of the Maine Tort Claims Act is the declaration that all governmental entities shall be immune from suit on all tort claims "[e]xcept as otherwise expressly provided by statute." 14 M.R.S.A. § 8103 (1980 & Supp.1987). The principal exceptions to immunity are set forth in 14 M.R.S.A. § 8104 (1980 & Supp. 1987) and include negligence arising from:

1. A third count alleging a highway defect under 23 M.R.S.A. § 3655 (1980 & Supp.1987), was dismissed by the Superior Court on defendant's motion for summary judgment and is not involved in this appeal.

2. The actual language of the endorsement is as follows:

(1) the ownership of certain specified types of vehicles and machinery; (2) the construction or operation of a public building and appurtances; (3) the accidental discharge of certain pollutants; and (4) the construction or repair of highways, bridges, etc. In addition to establishing immunity as the general rule, section 8103 circumscribes the exceptions set forth in section 8104 by describing examples of conduct for which a governmental entity shall not be liable, "notwithstanding section 8104." The example relevant to the present case is set forth in 14 M.R.S.A. § 8103(2)(J) as follows:

Any defect, lack of repair or lack of sufficient railing in any highway, town way, sidewalk, parking area, causeway, bridge, airport runway or taxiway, including appurtenances necessary for the control of such ways including but not limited to street signs, traffic lights, parking meters and guardrails . . . .

The statutory scheme established by sections 8103 and 8104 control in the absence of insurance coverage. The Act provides, however, that if a governmental entity has insurance coverage "in areas where the governmental entity is immune, the governmental entity shall be liable in those substantive areas but only to the limits of the insurance coverage." 14 M.R.S.A. § 8116. In the case before us, the city has a policy of insurance for general liability, but that policy contains an endorsement that excludes from coverage the example of immunized activity described in section 8103(2)(J).[2] The city argues that the basis for its immunity in this particular case is section 8103(2)(J), and therefore by virtue of the exclusion contained in the endorsement it has no insurance coverage. Consequently, the city contends that, because it is not insured, its immunity is not removed by section 8116.

This endorsement excludes injury or damage arising out of any defect, lack of repair or lack of sufficient railing in any street, road, highway, sidewalk, including appurtenances necessary for the control of such ways. This exclusion shall coincide with the immunity provided for under the Maine Revised Statutes Annotated Title XIV Section 8103 paragraph 2 sub-paragraph J.

■ The analysis undertaken by the city is fatally flawed. Section 8103(2)(J) is not the basis of any immunity that might exist in the absence of insurance. First, neither subsection (J) nor the endorsement apply on the facts before us. Both refer to a "defect or lack of repair" in any sidewalk or parking area. Plaintiffs allege that defendant failed to sufficiently light the walkway in the area of the curb. Insufficient lighting is not a defect in the sidewalk nor is it a defect in "an appurtenance necessary for the control of such ways" such as a sign or a traffic light. More importantly, however, any immunity granted the city for insufficient lighting of a walkway is created by the general declaration of immunity set forth in section 8103(1) and is not the subject of an exception in section 8104. If the city is immune, but for the presence of insurance, section 8103(2)(J) is not the basis for its immunity. Thus, the endorsement is inapplicable, insurance coverage exists, and the Superior Court correctly concluded that any immunity was removed by operation of section 8116.

### III.

Plaintiffs presented in evidence provisions of the Revised Code of Ordinances of the City of Lewiston pertaining to lighting requirements. The ordinance adopts the provisions of the National Building Code and provides in pertinent part as follows:

**501.12. Exit ways.**

**a.** Stairways, public halls, corridors and other means of egress, required by sections 602 and 603, except exterior stairways on apartment houses, shall be illuminated at all points to intensities of not less than 1.0 foot-candle at all times and the building served thereby is occupied.

**501.13. Artificial lighting for exit ways.**

**a.** Artificial lighting shall be provided whenever natural lighting is inadequate.

**b.** The lighting required for exit ways by section 501.12 shall be by electricity so arranged and supplied that in the event of failure of the general building lighting, current will be available to maintain the required lighting for exit ways from:

(1) Places of assembly except churches used exclusively for religious purposes and places of assembly where assembly room floor area does not exceed 7,000 square feet and where all exit ways lead directly to the outside of the building with exit doors within 5 feet of grade level and where there are no balconies in the assembly room.

Plaintiffs' expert witness testified, over defendant's objection, that the ordinance applies to the site of the accident and that the city failed to comply with the lighting standard. Over the further objection of defendant, the presiding justice improperly submitted the issue of the applicability of the ordinance to the jury as a question of fact. Such an irregular procedure is of no relevance, however, because the presiding justice ruled after trial that the ordinance was applicable as a matter of law. Accordingly, the issue on appeal is functionally the same as though defendant were challenging a jury instruction that the ordinance applies.

■ We conclude that the exterior walkway leading from the city's building to the parking area is not within the purview of section 501.12 of the ordinance. If the language of an ordinance is clear, this Court will not look beyond it. *Lanzo v. State Farm Mut. Auto. Ins. Co.*, 524 A.2d 47, 50 (Me.1987). Section 501.12, which contains the lighting requirement provides: "Stairways, public halls, corridors and other means of egress ... shall be illuminated ...." It is necessary to determine whether the walkway is a "means of egress." Article VI of the Code, entitled "Means of Egress", defines "exit way" as follows:

**b. Exit way** means the exit doorway or doorways, or such doorways together with connecting hallways or stairways, either interior or exterior, or horizontal exits, by means of which occupants may proceed safely from a room or space to a street or to an open space which provides safe access to a street. Two or more

separate exit ways may use the same corridor or hallway.

Section 601.1. The incident in this case occurred at the curb between the walkway and the parking area approximately 20 to 25 feet from the building. We hold that the curb is part of an "open space" outside a building rather than an "exit way" from a building.

We conclude that the site of the accident is not subject to the standards set forth in section 501.12 of the ordinance. The jury was erroneously permitted to consider the ordinance as the controlling standard by which to measure the lighting requirement. Defendant was prejudiced by the erroneous ruling of the presiding justice.

Because we vacate the judgment, we need not address the remaining issues raised on appeal.

The entry is:

Judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.