2004 ME 70

**Kimberly DONOVAN**

v.

**CITY OF PORTLAND.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 12, 2003.

Decided: June 1, 2004.

Marshall J. Tinkle, Tompkins, Clough, Hirshon & Langer, P.A., Neal K. Stillman, Portland, for plaintiff.

Lisa Fitzgibbon Bendetson, Edward R. Benjamin Jr., Thompson & Bowie, LLP, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

SAUFLEY, C.J.

[¶ 1] Kimberly Donovan appeals from a judgment of the Superior Court (Cumberland County, *Humphrey, J.*) granting the City of Portland's motion for summary judgment on the ground that the City was immune from suit because no exceptions to

the immunity conferred by the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (2003 & Supp.2003), applied. Donovan contends that the court erred when it held that the public building exception to the Maine Tort Claims Act, *id.* § 8104–A(2) (2003), did not apply, and that the Superior Court incorrectly struck her affidavit in support of her response to the City's statement of material facts. Because we conclude that the Maine Tort Claims Act bars this action, we affirm the judgment.

## I. STANDARD OF REVIEW

[¶ 2] "We review the grant of a motion for summary judgment de novo." *Lever v. Acadia Hosp. Corp.,* 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179. "In our review, we consider the evidence and reasonable inferences that may be drawn from the evidence in the light most favorable to the party against whom the summary judgment has been granted in order to determine if the parties' statements of material facts and referenced record evidence reveal a genuine issue of material fact." *Id.* A genuine issue of material fact exists when sufficient evidence supports a factual contest requiring a fact-finder to choose between competing versions of the truth through a trial. *Burdzel v. Sobus,* 2000 ME 84, ¶ 6, 750 A.2d 573, 575.

[¶ 3] Consistent with our standard of review, we regard the facts presented by the parties in their statements of material facts in the light most favorable to Donovan.

## II. BACKGROUND

[¶ 4] On November 9, 1999, Donovan went to Riverton Elementary School, a public building owned and maintained by the City, to pick up her children from an after-school program. Donovan arrived at the school at 5:15 P.M. At that time it was dark and foggy. She parked in the U-shaped driveway in front of the main entrance, and began walking toward an entrance. While walking toward the entrance, Donovan fell and injured her arm. She had not reached the school building or its stairs when she fell.[1]

[¶ 5] Donovan filed suit against the City alleging that the City was "negligent in its ownership, operation, maintenance or use of equipment, a building or appurtenances thereto, including but not limited to the maintenance of adequate lighting at the Riverton School property." There were several lights attached to the building near the entrance to the school, and Donovan alleges that the failure to have the lights illuminated was a cause of her fall.

[¶ 6] The City filed a motion for summary judgment supported by a statement of material facts. M.R. Civ. P. 56(h)(1). Donovan opposed the motion and filed an opposing statement of additional facts in which she referred to and included her own affidavit. M.R. Civ. P. 56(h)(2). The affidavit stated that there were six lights attached to the school at or near the entrance, but at her earlier deposition, Donovan had insisted that she did not remember how many lights were on the building. In response, the City filed a motion to strike Donovan's affidavit on the ground that it contradicted her past testimony.

[¶ 7] After a hearing, the court ordered that Donovan's entire affidavit be stricken from the record, and granted the City's motion for summary judgment, holding that the City was immune and that the public building exception to the Maine

---

1. The parties dispute whether Donovan fell on the curb or on the walkway. This question of fact is immaterial to the governmental immunity analysis that finally determines Donovan's tort claim.

Tort Claims Act did not apply. Donovan then brought this appeal.

### III.  LEGAL ANALYSIS

A.  Governmental Immunity Pursuant to the Maine Tort Claims Act

[¶ 8] The Maine Tort Claims Act provides that in general, "all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages." 14 M.R.S.A. § 8103(1) (2003). Only express statutory exceptions will overcome a governmental entity's immunity pursuant to section 8103(1). *Id.* When we assess a claim of governmental immunity pursuant to the Maine Tort Claims Act, " 'immunity is the rule and exceptions to immunity are to be strictly construed.' " *Thompson v. Dep't of Inland Fisheries & Wildlife,* 2002 ME 78, ¶ 5, 796 A.2d 674, 676 (quoting *New Orleans Tanker Corp. v. Dep't of Transp.,* 1999 ME 67, ¶ 5, 728 A.2d 673, 675).

[¶ 9] Donovan does not dispute that governmental immunity extends to sidewalks and parking lots. Nor does she contend that her injuries were occasioned by a defect in the sidewalk or parking area itself. "A governmental entity is not liable for any defect, [or] lack of repair ... in any ... sidewalk, [or] parking area ...." 14 M.R.S.A. § 8104–A(4) (2003); *see also Kitchen v. City of Calais,* 666 A.2d 77, 78 (Me.1995) (stating that "[a] parking area constitutes neither a public building nor an appurtenance to a public building").

[¶ 10] Instead, Donovan contends that the public building exception allows her claim to proceed because the lights that were not illuminated were appurtenant to the public building. An exception to governmental immunity applies when a governmental entity is negligent in "the construction, operation or maintenance of any public building or *the appurtenances* to any public building." 14 M.R.S.A. § 8104–A(2) (emphasis added). Thus, according to Donovan, although the City is immune from liability for any defect in the area where she fell, when it attached lighting to the public building, it became responsible for *any* deficiency in that lighting, even in areas where immunity otherwise applied.

[¶ 11] We are assisted in the analysis of this case by the instructive case of *Swallow v. City of Lewiston,* 534 A.2d 975 (Me.1987). There, the plaintiff fell on the poorly lit curb between the walkway and parking area near a public building. *Id.* at 975–76. She alleged that she fell because of the inadequate exterior lighting of the building. *Id.* at 976. We were called upon to determine whether the City of Lewiston had waived its immunity by maintaining insurance coverage. *Id.* Lewiston's insurance policy contained an exclusion providing that the insurance company would not cover injuries resulting from defects or lack of repair to sidewalks, among other things, and expressly stated that the exclusion coincided with the immunity provided pursuant to the predecessor to 14 M.R.S.A. § 8104–A(4).[2] *Swallow,* 534 A.2d at 976 & n. 2.

[¶ 12] Noting that Swallow's claim was based on insufficient lighting, not a disrepair or defect in the sidewalk itself, we held that "any immunity granted the city for insufficient lighting of a walkway is created by the general declaration of immunity set forth in section 8103(1) and is

---

2.  The statute construed in *Swallow v. City of Lewiston,* 534 A.2d 975 (Me.1987), provided, in relevant part, that "[n]otwithstanding section 8104 ['Exceptions to immunity'], a governmental entity shall not be liable for any claim which results from ... [a]ny defect, [or] lack of repair ... in any ... sidewalk, [or] parking area ...." 14 M.R.S.A. § 8103(2)(J) (1980), *as amended by* P.L. 1985, ch. 569, § 3; P.L. 1985, ch. 758, § 2.

*not the subject of an exception* in section 8104 [predecessor to current section 8104–A]." *Id.* at 977 (emphasis added).[3] The statute then in effect also included an exception to immunity for a governmental entity's "operation, or maintenance of any public building or the appurtenances thereto." 14 M.R.S.A. § 8104(2) (1980), *repealed and replaced by* P.L. 1987, ch. 740, §§ 3–4. Thus, we unequivocally concluded in *Swallow* that the lighting over the walkway did not fall within the appurtenance provision of the public building exception.[4]

[¶ 13] Our analysis in *Swallow* clarifies that municipalities are immune from liability for injuries resulting from lighting deficiencies above sidewalks and parking areas pursuant to the *general* provision of governmental immunity, codified at 14 M.R.S.A. § 8103(1), to which no exception applies.

[¶ 14] The First Circuit confronted this issue in a recent Maine case with nearly identical facts: *Campbell v. Washington County Technical College*, 219 F.3d 3 (1st Cir.2000). There, the First Circuit affirmed the holding of the United States District Court for the District of Maine (Brody, J.) that the college was immune from suit for failure to adequately illuminate a fire lane that was not excepted from governmental immunity. *Id.* at 5–6. The fire lane in that case provided the sole passageway to the second-floor apartments where the plaintiff lived. *Id.* at 5. Although lights on poles along the lane had once illuminated the lane, lights attached to the residence hall had replaced them. *Id.* When the plaintiff slipped and fell on the lane, she sought compensation from the college, claiming the lights on the building failed to illuminate the lane properly. *Id.* The District Court held, and the First Circuit agreed, that because the college was immune from liability for any defects in the lane,[5] its liability could not be expanded by assertions of inadequate lighting, even where the lighting was attached to a public building. *Id.* at 6.

[¶ 15] Consistent with our holding in *Swallow,* and reaching a result that is consistent with the result in *Campbell,* we hold that the Maine Tort Claims Act's public building exception to governmental immunity does not apply when the plaintiff falls on a sidewalk or parking area while the exterior lights on a nearby public building are unlit. If we were to hold

---

3. Because insufficient lighting was not a defect in the sidewalk for the purposes of the predecessor to section 8104–A(4), immunity for the lighting defect was conferred not by that statute, but by the general grant of immunity to municipalities pursuant to section 8103(1). *Swallow,* 534 A.2d at 977. As a result, we concluded that the coverage exclusion contained in the City's insurance policy did not apply because the coverage exclusion was limited by the policy language to being coextensive with the predecessor to section 8104–A(4), and was not coextensive with the general immunity provisions of the statute. *Id.* We therefore concluded that although Lewiston was otherwise immune from liability for the lighting defect, it had waived its immunity by maintaining insurance that covered the lighting defect and was, therefore, liable to the extent of its insurance. *Id.*

4. To hold otherwise in the present case would require us to overrule our holding in *Swallow.*

5. We concluded in *Swallow* that Lewiston was immune from suit pursuant to the general immunity provision of section 8103(1), not pursuant to the predecessor to section 8104–A(4), because any lighting deficiency *was not* a defect in the sidewalk. 534 A.2d at 977. By contrast, in *Campbell v. Washington County Technical College,* 219 F.3d 3, 6 (1st Cir. 2000), the First Circuit affirmed the District Court's holding that the public college's immunity arose from section 8104–A(4) because any lighting deficiency *was* a defect in the lane. We need not fully address this conflict between the cases because under either analysis, the governmental entity is immune.

otherwise, municipalities would be exposed to litigation in an increasing radius around any outdoor lighting that the municipalities might provide to ensure that stairs and other building appurtenances remain safe. Such a holding would run counter to the strict statutory construction required in interpreting the governmental immunity statutes. *See Thompson,* 2002 ME 78, ¶ 5, 796 A.2d at 676.

## B. Striking of the Affidavit

[¶ 16] Donovan also argues that the court erred in striking her affidavit. Whether or not the court properly struck her affidavit, however, the facts disputed by the affidavit do not affect our conclusion regarding the City's immunity. The City is immune, regardless of the number of lights or the precise location of Donovan's fall (i.e., on the curb versus on the walkway). Because the facts placed in dispute by Donovan's stricken affidavit are immaterial to the question of governmental immunity, and because we affirm that the City is immune in the present case, we need not reach Donovan's contention that the court erred in striking her affidavit. Any claimed error in that regard is harmless. *See* M.R. Civ. P. 61.

The entry is:

Judgment affirmed.

ALEXANDER, J., files dissenting opinion, in which DANA and CALKINS, JJ., join.

ALEXANDER, J., with whom DANA and CALKINS, JJ., join dissenting.

[¶ 17] I respectfully dissent. Upon review of a grant of a motion for summary judgment, we are obligated to consider the evidence and reasonable inferences that may be drawn from the evidence in the light most favorable to the party against whom the summary judgment has been granted in order to determine if the parties' statements of material facts and referenced evidence in the record reveal a genuine issue of material fact. Court's opinion, ¶ 2; *Lever v. Acadia Hosp. Corp.,* 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179; *Rogers v. Jackson,* 2002 ME 140, ¶ 5, 804 A.2d 379, 380.

[¶ 18] Kimberly Donovan has the burden of proving each of the elements of her negligence claim at trial. At the summary judgment stage, however, our precedents hold that Donovan can defeat a summary judgment and proceed to trial simply by pointing to unresolved disputes as to material facts.

[¶ 19] The Maine Tort Claims Act has, since its inception, contained a public buildings exception to its policy of general governmental tort immunity. 14 M.R.S.A. § 8104–A(2) (2003).[6] The public buildings exception specifies that any governmental entity, including the City, "is liable for its negligent acts or omissions in the construction, operation or maintenance of any public building or the appurtenances to any public building." *Id.*

[¶ 20] The evidence of record, cited in the Court's opinion, establishes that the lights attached to the school building were either a part of or an appurtenance to that building. On this evidence, there is a dispute of material fact as to whether the lights attached to the building, not being illuminated after dark, may have been negligently operated or maintained. The evidence also establishes that there is a dispute of material fact as to whether the failure of operation of the lights, leaving the entrance way to the school improperly illuminated, was a cause of Donovan's inju-

---

6. The public buildings exception with identical language was formerly contained in 14 M.R.S.A. § 8104(2). *See Lovejoy v. State,* 544 A.2d 750, 751 (Me.1988).

ries and her consequent damages. With disputes as to material facts remaining as to these three elements, the Maine Tort Claims Act requires nothing more to state a cause of action, sufficient to defeat summary judgment, under the public buildings exception.

[¶ 21] Although Donovan arguably fell in or on the edge of a parking area, the focus of her claim is not that the City was negligent in the maintenance of the parking area. Rather, the theory of Donovan's case is that her injury was caused by the negligent operation or maintenance of the lights, which are attached to, and thus appurtenances to, the school building.

[¶ 22] In *Swallow v. City of Lewiston,* 534 A.2d 975 (Me.1987), a plaintiff was injured when she tripped on a curb twenty feet from a public building. *Id.* at 976. She maintained that the area was inadequately lit. *Id.* The City of Lewiston argued that the courts should have applied a statute in existence at that time, which indicated that the government was not liable for defects in sidewalks. *Id.* We held that the sidewalk statute did not apply because "[i]nsufficient lighting is not a defect in the sidewalk." *Id.* at 977.[7]

[¶ 23] Because insufficient lighting is not a defect of the ground that it is intended to light, it may be considered a defect of the light fixtures themselves. Three times in the last eight years we have held that defects in or negligent operation of equipment in or appurtenant to a public building can support a claim for collateral injuries caused by the improperly functioning equipment, even where the equipment itself does not physically cause the injury. In *Bussell v. City of Portland,* 1999 ME

103, 731 A.2d 862, we held that improper operation of a sound system could generate liability under the public buildings exception to immunity in section 8104–A(2). *Id.* at 863. In *Adriance v. Town of Standish,* 687 A.2d 238 (Me.1996), we held that improper operation or warning regarding a safety gate could generate liability under section 8104–A(2) for a fall into a transfer station hopper. *Id.* at 239–42. In *Lynch v. Town of Kittery,* 677 A.2d 524 (Me. 1996), we held that improper operation of door locks could generate liability under section 8104–A(2) for an assault resulting from an unauthorized entry to a school. *Id.* at 525; *see also ABT & A Co., Inc. v. State,* 644 A.2d 460 (Me.1994) (holding that section 8104–A(2) did not create liability for negligent supervision, but created liability only for government "acts in the care or operation of its buildings and property").

[¶ 24] If the City of Portland may be liable for injuries caused by sound emanating from appurtenances to public buildings as in *Bussell,* then it may be liable for injuries caused by light, or lack of light, emanating from appurtenances to public buildings, as in this case.

[¶ 25] Donovan has created a dispute as to material fact that she sustained an injury caused by improper operation or maintenance of the lights attached to the building—a "negligent act[ ] ... in the ... operation or maintenance of ... the appurtenances to [a] public building." 14 M.R.S.A. § 8104–A(2). Accordingly, the public buildings exception to the Maine Tort Claims Act applies, the City is not immune from liability, and summary judgment should not have been granted.[8]

---

7. The principal basis for liability in *Swallow* was the "insurance" exception to the Maine Tort Claims Act, 14 M.R.S.A. § 8116 (2003). *Swallow,* 534 A.2d at 977. We vacated a jury verdict for the plaintiffs on other grounds.

8. Donovan separately asserts that she fell on the walkway to the school, and that the walkway was an appurtenance to the building. This issue need not be addressed here, as the

[¶ 26] The Court cites *Swallow* and a First Circuit Court of Appeals opinion, *Campbell v. Washington County Technical College*, 219 F.3d 3 (1st Cir.2000), in support of the proposition that, despite establishing disputes of material facts as to all three elements necessary to present a cause of action under the public buildings exception, Donovan is barred from recovery. *Swallow* does not create such a bar. It was pled and presented under a different statute with different contested issues. Although *Swallow* may stand for the proposition that improper lighting is not a defect in a walkway, entitling one to recover if her cause of action is based upon a defect in the walkway, that case is not presented here. Donovan bases her claim upon an asserted defect in an appurtenance to a public building. Although the lights at issue in *Swallow* may have been attached to the public building, it does not appear that the liability claim in *Swallow* was pled or argued based on a purported defect in the lights as an appurtenance to the public building.

[¶ 27] The claim in *Campbell* likewise is distinguishable. In *Campbell*, the focus of pleading and argument appears to have been on improper illumination as a defect in the walkway. *Campbell* explicitly upheld a District Court ruling that the public buildings exception did not apply to the walkway at issue and that " '[i]f the failure to make visible the ice on the fire lane constitutes a defect, then the college is immune.' " 219 F.3d at 6 (quoting *Campbell v. Wash. County Tech. Coll.*, No. 98–CV–247–B, 1999 WL 1995217 at *5, 1999 U.S. Dist. Lexis 16842, at *9 (D.Me. Oct. 28, 1999)). There was no suggestion in *Campbell* that the lights on the building were operated negligently or otherwise failed to perform. Rather the claim was that the lights on the building, though issue is whether the lights had been properly

performing as they were intended to perform, inadequately illuminated the walkway creating a defect in the walkway. *Id.* at 5. Here, unlike *Swallow* or *Campbell*, Donovan's claim is based on negligent operation or maintenance of the lights, which were part of, or an appurtenance to, the school building. Having established all three elements of the claim necessary to recover under the public buildings exception to the Maine Torts Claim Act, Donovan need present no more. I would vacate the summary judgment of the trial court and allow Donovan's claim to proceed to trial.