STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-03-077

AL LINDQUIST, TRUSTEE OF
HARVARD ST. REALTY TRUST,

       Plaintiff

   v.

FRANK E. ASHLINE,

**ORDER**

          Defendant

and

SECOND MORTGAGE, LLC.,

       Party-In-Interest

SEP 24 2004

This case comes before the court on Plaintiff Al Lindquist, as trustee, for Harvard St. Realty Trust's Motion for Summary Judgment. Following hearing, the Motion is Granted.

## FACTS

In June 2003, Defendant Frank Ashline (Ashline) executed and delivered a promissory note (the Note) in favor of Harvard St. Realty Trust (Plaintiff) in the amount of $147,996.00. The Note was to be repaid in monthly installments at an initial interest rate of 16%. Payments were to begin July 10, 2003. At the time, Ashline was in the redemption period of a foreclosure on his Berwick residence. To secure the Note, Ashline executed and Plaintiff recorded, a mortgage on two properties: one, Ashline's residence at 311 Route 236, Berwick, Maine (the residence); and one at Bennett Road, South Berwick, Maine (the South Berwick property). Subsequently, Second Mortgage, LLC, recorded an additional mortgage on the properties in the amount of $71,905.00. All agreements were memorialized in writing. From the beginning, Ashline failed to

make any of the monthly payments due to Plaintiff under the Note. Plaintiff mailed Ashline a notice of acceleration on the Note to Ashline on August 21, 2003, and a notice to cure a default of $10,629.51 on September 24, 2003.[1]

In August 2003, Ashline entered a purchase and sale agreement for the South Berwick property. Ashline and Plaintiff could not agree on how costs or proceeds of the sale were to be allocated, and the sale did not go forward.

On November 17, 2003, after Ashline failed to cure his default or make any payments on the Note, Plaintiff brought an action for foreclosure and sale. On December 10, 2003, Ashline counter-claimed for breach of contract, interference in a contractual relationship, violation of the duty of good faith and fair dealing under the U.C.C., and punitive damages, asserting that the Note and mortgage were part of a larger agreement, or "workout" plan, breached by Plaintiff, for refinancing Ashline's residence and repaying Ashline's debts. On February 20, 2004, Plaintiff filed this motion for summary judgment.

## DISCUSSION

Summary judgment may be granted when evidence and reasonable inferences drawn from the evidence, viewed in a light most favorable to the nonmoving party, reveal that there are no genuine issues of material fact and that one party is entitled to judgment as a matter of law. <u>Donovan v. City of Portland</u>, 2004 ME 70, ¶ 2, 850 A.2d 319, 319. "A genuine issue of material fact exists when sufficient evidence supports a factual contest requiring a fact-finder to choose between competing versions of the truth through a trial." <u>Id.</u> (citing <u>Burdzel v. Sobus</u>, 2000 ME 84, ¶ 6, 750 A.2d 573, 575).

---

[1] Although Defendant Ashline denies receiving notice to cure default, Plaintiff has met all the statutory requirements for providing such notice under 14 M.R.S.A. § 6111 (3)(B) (2003)("A post office department certificate of mailing to the mortgagor or cosigner is conclusive proof of receipt on the 3rd calendar day after mailing.")

2

The parties do not dispute the existence or terms of the promissory note and mortgage on Ashline's property. Plaintiff argues there is no disputed issue of fact material to Plaintiff's entitlement to foreclosure and sale under the express terms of those agreements. Defendant Ashline argues there is a factual dispute as to whether the Note and mortgage constitute the complete agreement between the parties, or whether terms of the Note and mortgage were conditioned by additional, oral agreements that were part of a larger "workout" agreement.

Under 14 M.R.S.A. § 6321, "[a]fter breach of condition in a mortgage, the mortgagee or any person claiming under him may proceed for the purposes of foreclosure by a civil action against all parties in interest." 14 M.R.S.A. § 6321 (2003). To prevail on foreclosure on summary judgment, Plaintiff must provide undisputed evidence of:

1.  A breach of condition in the plaintiff's mortgage.

2.  The amount due on the mortgage, including reasonable attorney's fees and court costs.

3.  The order of priority and those amounts, if any, that may be due to other parties of interest.

Johnson v. McNeil, 2002 ME 99, ¶ 17, 800 A.2d 702, 705 (citing 14 M.R.S.A. § 6322). Maine law requires that a debtor be given an opportunity to cure his default without acceleration of the debt, within thirty days of notice, if the foreclosure threatens his primary residence. 14 M.R.S.A. § 61111(1) (2003).

The promissory note, signed by Plaintiff as holder, and Defendant Ashline as maker, states that when a payment is not made within five days of its due date, "the Holder, at his option, may declare immediately due and payable the entire outstanding balance of principal and interest, together with all other charges to which Holder may be entitled." The Note also provides that the "failure of the Holder to exercise any

3

option or right hereunder shall not constitute a waiver of the Holder's right to exercise such an option or right at any other time." The Note stipulates that any additional agreements or modifications to agreements made between the parties are made "without releasing the Maker . . . from any liability hereunder." In the mortgage given in consideration for the Note, Plaintiff reserved the right to foreclose on the property and sell it. "[u]pon any default in the performance or the observance of the foregoing or other condition" by Ashline.

Ashline argues that these unambiguous terms in the Note and mortgage were conditioned by additional agreements made in discussions between the parties as part of a "workout" plan to reorganize Ashline's debt and redeem his residence. Viewed in a light most favorable to Ashline, these arrangements included selling the South Berwick property to "pay down" money owed to Plaintiff, thereby allowing Ashline to refinance his residence under more favorable terms, and pay Plaintiff in full. Ashline cites the Law Court's holding in *Rogers v. Jackson* for the premise that parol evidence of such additional, oral terms is admissible to supplement a partially integrated written agreement, as long as those additional terms are consistent with the writing. 2002 ME 140, ¶ 10, 804 A.2d 379, 381. In *Rogers*, the holders of a promissory note orally agreed that the maker could ignore the note's written requirement of monthly payments and instead, make payments, as he was able. When the holders sought to enforce the written default provisions of the note, the Law Court found that the oral agreement was not "repugnant" to the terms in the note, and raised a sufficient issue of material fact as to the complete agreement between the parties to withstand summary judgment.

None of the evidence presented by Ashline, viewed in the light most favorable to him, suggests that Plaintiff, like the note holders in *Rogers*, ever agreed to forego monthly payments, or the remedies available for default on those payments. Ashline

4

presents no evidence that any oral arrangements discussed in the larger "workout" excused his monthly payments. Although there is evidence that all parties contemplated sale of the South Berwick property, and that a dispute exists as to how sale proceeds were agreed to be allocated, this dispute is not material, either to Plaintiff's rights as mortgagee to withhold release the property for sale, or Plaintiff's remedies in the event of Ashline's default on the Note. None of the evidence suggests Plaintiff agreed to refrain from asserting its rights in such a sale, or agreed to refrain from demanding payment under the Note while such a sale was pending.

Ashline maintains that it would have been sensible of Plaintiff to refrain from interfering in a sale, which would have enabled Ashline to cure his default and even "pay down" the debt to Plaintiff ahead of schedule. However, Ashline presents no evidence to suggest Plaintiff agreed to that course of conduct. While it might "make sense" for Plaintiff to allow Ashline to use the sale of the South Berwick property in this way, Plaintiff was not obliged to do so, particularly when faced with Ashline's immediate and ongoing default.

Here, Plaintiff has recourse to the remedies specified by the parties in their written agreement for Ashline's failure to pay. Plaintiff has complied with all requirements of Maine law and the express terms the parties' agreements in bringing about its action for foreclosure. Therefore, Plaintiff's Motion for Summary Judgment is Granted.

Dated:     September 14, 2004

Marcia G. Corradini, Esq. - PL
Mark Kearns, Esq. - DEF FRANK E. ASHLINE
Wayne T. Adams, Esq. - DEF SECOND MORTGAGE, LLC
                    (PARTY-IN-INTEREST)

G. Arthur Brennan
Justice, Superior Court

5