STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss                                      CIVIL ACTION
                                                    DOCKET NO. CV-17-259

ELIZABETH ROSS,

              Plaintiff                             ORDER ON DEFENDANTS'
                                                    MOTIONS TO DISMISS
v.

METRO PULSE and                                     STATE OF MAINE
WESTBROOK POLICE                                    Cumberland, ss. Clerk's Office
STATION,
                                                    NOV 17 2017
                                                    1:56 p.m.
              Defendant                             RECEIVED

Before the court are defendants' motions to dismiss plaintiff's complaint filed pursuant to

M.R. Civ. P. 12(b)(6), (7). For the following reasons, the motions are granted.

BACKROUND

Plaintiff alleges the following in her complaint. Approximately one year ago,[1] plaintiff

was boarding a bus on Elm Street. (Pl.'s Compl. at 1.) Plaintiff looked through her purse and the

bus driver said "get on the bus." Id. Plaintiff got on the bus, reached for her wallet and was told to

"get behind the yellow line" and to "hurry up and take out [her] fare." Id. Plaintiff then said "give

me just one minute," showed the driver her pass, and said "don't give me any shit!" Id. The bus

driver then told plaintiff to "get off my bus." Id. Plaintiff refused to get off the bus saying she

would "take the ride [she] paid for and sit right here." Id.

The bus driver then called the police. Id. Plaintiff continued to remain in her seat and asked

the police officers to hear her side of the story. Id. The officers said "no, what he says goes." Id.

at 1-2. The officers then took plaintiff by the arms and threw her off the bus. Plaintiff protested

---

[1] Plaintiff does not specify exactly when this incident occurred. Police reports attached to defendant City's
motion indicate that this incident took place on November 5, 2015.

1

this action by telling the officers to get their hands off her, that their actions were illegal, and that they needed to hear her side right now. Id. at 2. The officers told plaintiff that they are "just doing [their] job." Id. In response, plaintiff told the officers that "[she didn't] think that throwing a civilian off the bus after she's mistreated is [their] job." Id. Plaintiff informed the officers that "[she will] be talking to [their] supervisor." Id.

The next day plaintiff went to the police station and spoke with a supervisor. Id. The supervisor's interactions with plaintiff made her think that he "didn't want to hear a thing [she] said, didn't care, and seemed like he'd had too much to drink." Id.

PROCEDURAL POSTURE

On July 7, 2017 plaintiff filed a complaint against defendants Metro Pulse and Westbrook Police Station. In her complaint, plaintiff alleges three causes of action: defamation, count I; breach of contract, count II; and discrimination, count III. (Pl.'s Compl. at 3.) On August 14, 2017, defendant Westbrook Police Station ("the City") filed a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6), (7) for failure to state a claim and failure to join necessary parties. Plaintiff filed a response on August 21, 2017. In her response plaintiff seeks to amend her complaint to add the following allegations: assault; fraud upon the court, against both the lawyers named at the end of the City's motion to dismiss; police misconduct; and selective enforcement. (Pl.'s Response at 9-10.) On September 8, 2017, defendant Metro Pulse filed a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6). Plaintiff did not file a response to defendant Metro Pulse's motion.

STANDARD OF REVIEW

On review of a motion to dismiss for failure to state a claim, the court accepts the facts alleged in plaintiffs' complaint as admitted. Saunders v. Tisher, 2006 ME 94, ¶ 8, 902 A.2d 830. The court "examine[s] the complaint in the light most favorable to plaintiff to determine whether

2

it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." Id. "A party may not . . . proceed on a cause of action if that party's complaint has failed to allege facts that, if proved, would satisfy the elements of the cause of action." Burns v. Architectural Doors & Windows, 2011 ME 61, ¶ 17, 19 A.3d 823.

DISCUSSION

### a. Breach of Contract

Defendants argue that plaintiff has failed to plead facts supporting the elements of a breach of contract claim. In her response, plaintiff argues that the Metro bus driver and the Westbrook police officers breached their employment contracts by failing to treat plaintiff as a civilian. Furthermore, plaintiff specifically disclaims any breach of contract claim predicated on the existence of a contract between herself and the defendants. (Pl.'s Opp. 4.)

In order to properly assert a breach of contract claim, a plaintiff must allege: (1) a breach of a material term of the contract; (2) causation; and (3) damages. See Tobin v. Barter, 2014 ME 51, ¶ 10, 89 A.3d 1088. Furthermore, "[a] third party harmed by a breach may only sue for breach of contract if the contracting parties intended that the third party have an enforceable right." Stull v. First. Am. Title Ins. Co., 2000 ME 21, ¶ 17, 745 A.2d 975.

In her complaint, plaintiff has pleaded no facts that support the existence of any contracts of employment or that indicate what the terms of those purported contracts are. Similarly, plaintiff has pleaded no facts that any of the contracting parties intended plaintiff to have an enforceable right. Because plaintiff has asserted no facts supporting essential elements of her claim, she has failed to state a cause of action against defendants for breach of contract.

### b. Defamation

Defendant Metro Pulse argues that plaintiff has failed to allege the necessary elements of

a defamation claim. Plaintiff has not filed a response to defendant Metro Pulse's motion to dismiss. In her response to defendant City's motion to dismiss, however, plaintiff argues that libel is within the Maine Tort Claims Act (MTCA) and that the defendants' statements were defamatory because they were likely to cause embarrassment or put plaintiff at a disadvantage. (Pl.'s Opp. 1.)

The elements of a defamation claim are as follows:

(1) a false and defamatory statement concerning another;
(2) an unprivileged publication to a third party;
(3) fault amounting at least to negligence on the part of the publisher; and
(4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

Cole v. Chandler, 2000 ME 104, ¶ 5, 752 A.2d 1189.

Here, plaintiff pleads only that the bus driver told her to "get on the bus," "get behind the yellow line," "hurry up and take out your fare," and "get off my bus." (Pl.'s Compl. at 1.) These statements are instructions from the bus driver to the plaintiff and are neither factual assertions of truth or falsity nor defamatory. Plaintiff has not identified any actionable statements supporting a basis for a defamation claim against Metro Pulse and has therefore failed to state a claim for defamation against Metro Pulse.

Defendant City of Westbrook argues that the city is immune from suit and that plaintiff did not provide timely notice as required by the MTCA. As noted, plaintiff responds to these arguments by stating that a claim for libel is within the MTCA and that the defendants' statements were defamatory because they were likely to cause embarrassment or put plaintiff at a disadvantage.

Pursuant to the MTCA, "all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages." 14 M.R.S. § 8103(1) (2016); Donovan v. City of Portland, 2004 ME 70, ¶ 8, 850 A.2d 319. The City of Westbrook and its police department are

4

governmental entities. See 14 M.R.S. § 8102(2), (3) (2016). Because the alleged conduct of the City does not fall within any of the statutory exceptions to tort immunity, the City is immune from plaintiff's defamation claim. See 14 M.R.S. §§ 8104-A; 8104-B(4).

c. Discrimination

Defendants' argue that plaintiff's allegation of discrimination is of an unspecified nature and, therefore, she has alleged insufficient facts supporting an actionable basis for her discrimination claim. In response, plaintiff argues that she was not treated with the dignity and respect she deserves as a civilian and that disrespectful actions were taken against her for no real reason. (Pl.'s Opp. 5.)

In order to properly plead a discrimination claim, a plaintiff must plead facts showing that the discrimination was purposeful with an unlawful intent "to favor one individual class over another." See Aucella v. Winslow, 583 A.2d 215, 216 (Me. 1990). Similarly, the plaintiff must plead facts showing what classification forms the basis of the unlawful discrimination. See 5 M.R.S. § 4591 (2016).

Plaintiff does not specify what legal theory of discrimination she is relying on; she does not clarify whether she is pursuing an equal protection claim, a claim under the Maine Human Rights Act, or some other cause of action. Instead plaintiff claims only an infringement on her right to be treated civilly. This allegation, however, reaches only the effects of the purported discrimination, the deprivation plaintiff has suffered, and does not contain facts showing the type of discrimination that has occurred or the classification that served as the basis for the discrimination. It would be speculative to conclude that relief is available under any theory of discrimination or classification. Accordingly, dismissal is appropriate. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) ("Factual allegations must be enough to raise a right to relief

5

above the speculative level . . . .") (citations omitted).

    d. <u>Defendant City's Motion to Dismiss for Failure to Join Necessary Parties</u>

Plaintiff has named the Westbrook Police Station as a defendant. The court considers this a complaint against the Westbrook Police Department. Because the Westbrook Police Department is not a proper party and the plaintiff has not joined the City of Westbrook, plaintiff's complaint against the Westbrook Police Station is dismissed for failure to join a necessary party. <u>Cf.</u> <u>Caston v. Butler</u>, No. CV-87-197 1987 Me. Super. LEXIS 310 at *1 (Dec. 7, 1987); 30-A M.R.S. § 2002 (2016) (granting defendant's motion to drop the Bangor Police Department as a party because the police department is not an entity that can be sued).

    e. <u>Plaintiff's Motion to Amend the Complaint</u>

In her response to defendant City of Westbrook's motion to dismiss, plaintiff includes a number of allegations not raised in her complaint. Pursuant to M.R. Civ. P. 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Here, no responsive pleading has been filed by either defendant prior to the filing of their motions to dismiss. Accordingly, plaintiff may as of right amend her complaint. <u>See</u> <u>Kasu Corp. v. Blake, Hall & Sprague, Inc.</u>, 540 A.2d 1112, 1113 (Me. 1988). To the extent that it includes allegations not raised in the complaint, the court treats plaintiff's response as a motion to amend her complaint.

The entry is

> Defendant Metro Pulse's Motion to Dismiss pursuant to Rule 12(b)(6) is GRANTED. Counts I, II, and III of Plaintiff's Complaint against Defendant Metro Pulse are DISMISSED.
>
> Defendant Westbrook Police Station's Motion to Dismiss pursuant to M.R. Civ. P. 12(b)(6) and 12(b)(7) is GRANTED. Counts I, II, and III of Plaintiff's Complaint against Defendant Westbrook Police Station are DISMISSED.

6

Plaintiff's Motion to Amend Complaint is GRANTED. Plaintiff must file an amended complaint within twenty days of the date of this order. Plaintiff will comply with M.R. Civ. P. 5 and the Court's order dated July 13, 2017 regarding service of the Amended Complaint.

Date: November 17, 2017

Nancy Mills
Justice, Superior Court

PORSC-CV-2017-00259 | ELIZABETH A ROSS VS METRO PULSE ET AL

  

Case Search   Open Financials   Print Docket   Reports/Forms

## Parties  3

| | | Title | ∧ OBO Status | Gender | Name | Date of Birth | Dependents | Aliases |
|---|---|---|---|---|---|---|---|---|
| | | 1 Plaintiff | | | Elizabeth A Ross  | | 0 | 0 |
| | | 2 Defendant | | | Metro Pulse | | 0 | 0 |
| | | 3 Defendant | | | Westbrook Police Station | | 0 | 0 |

    3 Parties shown   ☐ Show voided