STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. CV-19-385

WALTER DARYL MCILWAIN          )
         Plaintiff,            )
                               )
                               )
         v.                    )
                               )   ORDER ON DEFENDANT'S MOTION
CUMBERLAND COUNTY              )   FOR SUMMARY JUDGMENT
SHERRIFF'S DEPARTMENT          )
         Defendant.            )
                               )
                               )
                               )
                               )

Before the Court is Defendant Cumberland County Sheriff's Department's Motion

for Summary Judgment against Plaintiff Walter Daryl McIlwain. For the following

reasons, the motion is granted.

## I.   Summary Judgment Factual Record

On the evening of February 9, 2019, Plaintiff Walter McIlwain parked his vehicle

in the parking lot of the Cumberland County Sheriff's Department. (Supp'g S.M.F. ¶ 1.)[1]

The portion of the lot where Mr. McIlwain found parking was dark and poorly-lit (Supp'g

S.M.F. ¶ 2.) After exiting his vehicle and walking towards the building's entrance, Mr.

McIlwain's head was impacted by poles protruding from the back of a truck owned by

an employee of the Cumberland County Sherriff's Department. (Supp'g S.M.F. ¶¶ 3-5;

Opp. S.M.F. ¶ 5.) Mr. McIlwain reported the injury to the front desk deputy and was

advised to seek medical attention by a Sheriff's Department employee. (Supp'g S.M.F. ¶

6.) He sustained abrasions, bruising, and scarring as a result of the incident. (Supp'g

S.M.F. ¶ 7.)

---

[1] In its Statement of Material Facts, Defendant notes that, because its motion for summary judgment is effectively a motion to dismiss or motion for judgment on the pleadings supported by affidavits, the well-pleaded allegations in the Plaintiff's Complaint are taken as true for the purposes of its motion only.

| Plaintiff: Pro-Se Litigant |   | For Defendant: Laura Maher, Esq. // John Wall, Esq. |
|---|---|---|

1

Mr. McIlwain contacted the Sheriff's Department about the incident on a number of occasions, but the County did not receive a formal Notice of Claim compliant with the notice requirements of the Maine Tort Claims Act (Supp'g S.M.F. ¶ 8.)

Plaintiff filed[2] a complaint on September 25, 2019, alleging three counts of negligence: Count I, Defendant failed to provide a safe and well-lit parking lot environment; Count II, Defendant was aware of the parking lot hazard and allowed its employees to park in the lot with the dangerous poles extended; and Count III, Defendant was aware that the furthest parking spaces from the building were dark and not well-lit, creating a hazardous situation. Plaintiff seeks compensatory damages in the amount of $6,000, in addition to court costs.

Defendant filed the instant Motion for Summary Judgment on May 21, 2020, moving for summary judgment on all claims asserted in Plaintiff's Complaint. Plaintiff filed an opposition to Defendant's motion on June 8, 2020. Defendant filed a reply memorandum on June 17, 2020, and Plaintiff filed a reply to Defendant's reply to memorandum on June 23, 2020.

Defendant seeks summary judgment on the basis of two arguments: first, that Plaintiff failed to serve notice upon Defendant pursuant to the notice requirements of the Maine Tort Claims Act, 14 M.R.S. §§ 8101-8118 (2014), thereby barring the claim and divesting the court of subject matter jurisdiction; and second, even if notice had been served, the County is immune from liability because Plaintiff's claims do not fall within any exception to immunity under the Maine Tort Claims Act. (Def.'s Mot. Summ. J. 1.)

---

[2] Plaintiff initially filed his claim on May 15, 2019 in small claims court at the Portland District Court. A hearing was held on June 13, 2019. No representative from the County appeared and a default was entered against it in the total amount of $1,495. The District Court issued an order on August 21, 2019 finding it lacked subject matter jurisdiction over Plaintiff's claim and vacating the judgment it had entered on June 13, 2019.

## II.    Standard of Review

A party is entitled to summary judgment when review of the parties' statements of material facts, and the record to which the statements refer, demonstrate that there is no genuine issue as to any material fact in dispute, and that the moving party is entitled to judgment as a matter of law. *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821; M.R. Civ. P. 56(c).   A contested fact is "material" if it could potentially affect the outcome of the case. *Id.* A "genuine issue" of material fact exists if the claimed fact would require a factfinder to "choose between competing versions of the truth." *Id.* (quoting *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504).

When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.* A plaintiff opposing a summary judgment motion must establish a prima facie case for each element of each of his or her claims. *Tri-Town Marine, Inc. v. J.C. Milliken Agency, Inc.*, 2007 ME 67, ¶ 7, 924 A.2d 1066. The evidence offered in support of a genuine issue of material fact "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating."[3] *Estate of Smith v. Cumberland Cty.*, 2013 ME 13, ¶ 19, 60 A.3d 759.

## III.    Discussion

Plaintiff disputes both defenses to liability raised by the Cumberland County Sheriff's Department in its Motion for Summary Judgment.  First, Plaintiff asserts that he made several efforts to notify Defendant about the claim, and argues that these efforts

---

[3] Each party's statements must include a reference to the record where "facts as would be admissible in evidence" may be found. M.R. Civ. P. 56(e).  A party's opposing statement of material facts "must explicitly admit, deny or qualify facts by reference to each numbered paragraph, and a denial or qualification must be supported by a record citation." *Stanley v. Hancock Cty. Comm'r*, 2004 ME 157, ¶ 13, 864 A.2d 169.

should constitute substantial compliance with the notice requirements of the Maine Tort Claims Act. Second, Plaintiff contends that his claim is not barred by the immunity provisions of the Maine Tort Claims Act because it falls within the exception for the operation and maintenance of public buildings.

### A. Notice Requirement

Defendant asserts that Plaintiff's Claim is barred by the notice requirements of the Maine Tort Claims Act because Plaintiff failed to serve the Defendant with timely notice pursuant to 14 M.R.S. § 8107(1). Defendant also asserts that Plaintiff did not wait the statutorily mandated 120 days before filing suit as required by 14 M.R.S.A. § 8108, thereby divesting the court of jurisdiction. (Def.'s Mot. Summ. J. 4.)

While Mr. McIlwain does not dispute that he did not comply with the formal notice requirements of the Act, he argues that Defendant should have had actual notice of the claim because of the efforts he made to contact the County, including 1) his attempt to file a medical injury claim at the time of the incident; 2) a phone conversation with a Lieutenant of the Cumberland County Sherriff's Department; and 3) his initial filing of a claim in small claims court at the Portland District Court. (Opp. S.M.F. ¶ 8.)

The court acknowledges that Mr. McIlwain made several good-faith efforts to notify the Cumberland County Sherriff's Department that he was pursuing a claim. The Law Court has held, however, that "oral notice can never constitute substantial compliance with the Act, even if the contents of the oral notice otherwise meet the [notice requirements]." *Deschenes v. City of Sanford*, 2016 ME 56, ¶ 16, 137 A.3d 198.

Moreover, it is not necessary to determine whether there has been substantial compliance with the notice requirement through any other means, because, as discussed below, the Plaintiff's claim is barred by the immunity provisions of the Maine Tort Claims Act.

4

## B. "Public Buildings" Exception of the Maine Tort Claims Act

The Cumberland County Sherriff's Department also seeks summary judgment on the ground that it is immune from liability pursuant to the Maine Tort Claims Act, 14 M.R.S. §§ 8101-8118 (2014), and that this claim does not fall within any of the Act's enumerated exceptions.

The Maine Tort Claims Act provides that "all governmental entities shall be immune from suit on any and all tort claims seeking recovery of damages." § 8103(1). Plaintiff contends that his injuries fall within the Act's enumerated "public buildings" exception to immunity. (Opp. S.M.F. ¶ 11.) This exception provides that a governmental entity is liable for bodily injuries that result from its "negligent acts or omissions in the construction, operation or maintenance of any public building or the appurtenances to any public building." 14 M.R.S. § 8104-A(2).

Plaintiff's theory is that that the parking lot is an appurtenance to the Cumberland County Sherriff's Department building. He also argues that the County's negligence extends to its failure to properly light the lot and maintain its video equipment, resulting in its failure to see the conditions in the parking lot that gave rise to the injury. (Opp. S.M.F. ¶ 11.)

The Law Court has held that "[a] parking area constitutes neither a public building nor an appurtenance to a public building." *Kitchen v. City of Calais*, 666 A.2d 77, 78 (Me. 1995) (referencing 14 M.R.S.A. § 8104(a)). Thus, the "public buildings" exception does not apply to Mr. McIlwain's claim.

To the extent that the Plaintiff argues that poor maintenance of the Cumberland County Sherriff's Department's video equipment or inadequate lighting in the parking lot places the claim within the "public buildings" exception, these arguments must also fail. In a comparable case, a plaintiff asserted a negligence claim against the City of

Portland when she fell while walking in the driveway in front of the main entrance to a public school. *Donovan v. City of Portland*, 2004 ME 70, 850 A.2d 319. There the plaintiff conceded that governmental immunity extends to sidewalks and parking lots, but argued that the public building exception applied to her claim because the lights in the area, which were appurtenant to the building, were not lit. *Id.* ¶ 10. In affirming the trial court's grant of summary judgment in favor of the City, the Law Court held that public entities are immune from liability for injuries resulting from lighting deficiencies above sidewalks and parking areas. *Id.* ¶ 14. The Court reasoned that "to hold otherwise, municipalities would be exposed to litigation in an increasing radius around any outdoor lighting that the municipalities might provide," which would "run counter to the strict statutory construction required in interpreting the governmental immunity statutes." *Id.* ¶ 15.

As a matter of law, the parking area does not constitute an appurtenance to the Cumberland County Sheriff's Department. Therefore, the "public buildings" exception to immunity does not apply and Defendant is immune from liability. Summary Judgment is granted in favor of the Defendant, Cumberland County Sherriff's Department.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 10/26/2020

Mary Gay Kennedy
Justice, Maine Superior Court