STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-14-62

COLEMAN MCDONOUGH,

Plaintiff,

v.

**ORDER**

NORMAND M. METHOT INSURANCE, INC.,
ERINN FORTUNE, and
NICKOLAI FORTUNE,

Defendants.

## I. Background

### A. Procedural Posture

Plaintiff Coleman McDonough ("McDonough") brings this action against Normand M. Methot Insurance, Inc. ("Methot") and Erinn and Nickolai Fortune ("the Fortunes"). McDonough alleges claims for negligence arising out of a fire loss that occurred at 7 Allen Street in Sanford. Before the court is defendant's motion for summary judgment. The Fortunes have not answered or appeared in this action and have been defaulted.

### B. Facts

Plaintiff Coleman McDonough is the owner of real property located at 7 Allen Street in Sanford. (Def.'s S.M.F. ¶ 2.) In June of 2013, McDonough called Brian A.

1

Methot, an insurance agent at Methot Insurance Agency, Inc., to discuss available fire insurance policies for the property. (Def.'s S.M.F. ¶ 4.)

During this conversation, Brian Methot informed McDonough that an inspection would take place. (Def.'s S.M.F. ¶ 5.) Brian Methot performed said inspection, taking pictures and documenting conditions at the 7 Allen Street property, noting missing windows and a seemingly "active pigsty." (Def.'s S.M.F. ¶ 7.) According to Brian Methot, the condition of the property was "very poor," but McDonough denies this assessment. (Pl.'s Opp. Def.'s S.M.F. ¶ 7.) As a result of the inspection, Brian Methot concluded the condition of the property was so poor that it was uninsurable. (Def.'s S.M.F. ¶ 8.)

Brian Methot thereafter attempted to contact McDonough to inform him about the inspection and his conclusions regarding the insurability of the property. (Def.'s S.M.F. ¶ 9.) Methot called McDonough on June 7, 2013, and again on June 12 and 13, each time leaving messages indicating that he could not insure the property and requesting McDonough call back to discuss the matter. (Def.'s S.M.F. ¶ 10.) McDonough never returned these calls.

McDonough has no memory of Brian Methot calling him after the initial conversation.[1] (Pl.'s Opp. Def.'s S.M.F. ¶¶ 9-12.) According to McDonough, during that first conversation, Brian Methot told him that anything is insurable and to "consider the property bound." (Pl.'s Add't S.M.F. ¶¶ 1-2.)

Methot did not submit a policy application and McDonough made no payments to Methot to bind coverage. (Def.'s S.M.F. ¶¶ 14-15.) Ultimately, no policy was ever issued

---

[1] For the purposes of summary judgment, the court accepts the plaintiff's version of the facts. This factual dispute is not ultimately material for the reasons set forth below.

2

to cover the 7 Allen Street property. (Def.'s S.M.F. ¶ 12.) When McDonough failed to return messages, Methot assumed McDonough no longer wished to obtain insurance coverage for the property. (Def.'s S.M.F. ¶ 13.)

On September 5, 2013, a fire damaged the property. (Def.'s S.M.F. ¶ 3.) The fire originated at 5 Allen Street, a property owned by the Fortunes. The structures on 5 and 7 Allen Street are connected.

## II.    Discussion

### A.    Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact . . . and that any party is entitled to a judgment as a matter of law." M.R. Civ. P. 56(c). "To avoid a judgment as a matter of law for a defendant, a plaintiff must establish a prima facie case for each element of her cause of action." *Champagne v. Mid-Me. Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842. "A prima facie case of negligence requires a plaintiff to establish the following elements: a duty owed, a breach of that duty, and an injury to the plaintiff that is proximately caused by a breach of that duty." *Brown v. Delta Tau Delta*, 2015 ME 75, ¶ 40, 118 A.3d 789 (citation omitted) (quotation marks omitted).

The defendant moves for summary judgment arguing that (1) the plaintiff has no expert to testify to the standard of care, (2) the undisputed facts establish defendant met any applicable standard of care, and (3) plaintiff fails to produce prima facie evidence that any negligence was the cause of his damages.

3

## B.     Expert Testimony

Defendant first moves for summary judgment on the basis the plaintiff has not designated an expert to testify to the applicable standard of care and thus there is no prima facie evidence of breach.

The Law Court has yet to hold that expert testimony is required in insurance procurement cases like other professional negligence cases such as legal or medical malpractice. The general rule is that expert testimony is not required "where the negligence and harmful results are sufficiently obvious as to lie within common knowledge." *Searles v. Trs. of St. Joseph's Coll.*, 1997 ME 128, ¶ 10, 695 A.2d 1206 (citation omitted).

According to McDonough, Brian Methot expressly represented that the property was "bound," but failed to make direct contact thereafter to inform McDonough the property was not in fact insured. Whether Mr. Methot exercised reasonable care under these circumstances is within the ability of a layperson, untrained in insurance, to understand.

But even if expert testimony is not required, a plaintiff must still present *some* evidence of causation between the insurance agent's alleged breach and the plaintiff's damages. *See Tri-Town Marine, Inc.*, 2007 ME 67, ¶ 10, 924 A.2d 1066. This is examined further below in Part D.

## C.     Breach

Defendant argues the undisputed facts establish that the defendant exercised reasonable diligence as a matter of law and therefore the plaintiff has not made a prima

4

facie showing of breach. Defendant emphasizes that Brian Methot tried but was unable to secure insurance for the property due to its condition and made multiple efforts to contact McDonough thereafter.

"An insurance agent generally assumes only those duties found in an ordinary agency relationship, that is, to use reasonable care, diligence and judgment in obtaining the insurance coverage requested by the insured party." *Szelenyi v. Morse, Payson & Noyes Ins.*, 594 A.2d 1092, 1094 (Me. 1991). A reasonable fact-finder could well conclude that Brian Methot's actions met the standard of care. But drawing all reasonable inferences in favor of the plaintiff, the court cannot reach this conclusion as a matter of law because breach is a question of fact. *Brown*, 2015 ME 75, ¶ 29, 118 A.3d 789. Summary judgment is inappropriate on this basis.

### D.    Causation

"For causation to be established in [negligent failure to procure insurance cases], the plaintiff must allege that, but for the defendant's acts, the resulting outcome for the plaintiff would have been both different, and more favorable." *Tri-Town Marine, Inc.*, 2007 ME 67, ¶ 10, 924 A.2d 1066. In *Tri-Town Marine*, the Law Court declined to reach whether the availability of insurance coverage that would have covered the loss was an essential element of proof. *See id.* Since the plaintiff in *Tri-Town Marine* failed to set forth prima facie evidence that but for the defendant's negligence, the plaintiff would have acted in a substantially different way or could have obtained a better result, the court concluded summary judgment was properly entered on causation grounds.

Plaintiff argues that the defendant's assertion that the property was uninsurable is an affirmative defense and is precluded on the grounds defendant failed to raise it in the

5

answer. This argument lacks merit because the plaintiff has the burden on summary judgment to establish all elements of his claim, including causation. *Champagne v. Mid-Me. Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842; *Tri-Town Marine, Inc.*, 2007 ME 67, ¶ 10, 924 A.2d 1066. Insurability goes to the heart of causation.

The plaintiff has the burden to produce prima facie evidence of causation between the alleged breach and the damages. In this case, it is not enough to allege the defendant should have made further efforts to call McDonough to inform him the property was uninsured. Assuming that Brian Methot breached the standard of care by not confirming McDonough had actual knowledge of the lack of insurance, the plaintiff must further link the defendant's breach to his damages to advance his claim beyond the speculative. According to the Law Court, to establish causation, a plaintiff must present evidence that "but for the defendant's acts, the resulting outcome for the plaintiff would have been both different, and more favorable." *Tri-Town Marine, Inc.*, 2007 ME 67, ¶ 10, 924 A.2d 1066.

The problem for the plaintiff here is that the undisputed facts before the court indicate that 7 Allen Street was in a condition that Brian Methot determined was uninsurable. (Def.'s S.M.F. ¶ 8.) Although the plaintiff argues that he would have sought opinions from other agents, made repairs to make the property insurable, or taken other steps, Pl.'s Opp. Summ. J. 4, these assertions appear nowhere in an opposing or additional statement of material fact and as far as the court can discern, have no support in the summary judgment record. Those factual assertions are therefore not properly before the court in ruling on summary judgment. *See* M.R. Civ. P. 56(h)(4) ("The court may disregard any statement of fact not supported by a specific citation to record material

6

properly considered on summary judgment. The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.")

Plaintiff fails to put forth prima facie evidence that but for defendant's acts, he "would have acted in a substantially different way" and thus fails to establish any breach of a duty caused him damages. *Tri-Town Marine, Inc.*, 2007 ME 67, ¶ 11, 924 A.2d 1066. Without prima facie evidence of causation, plaintiff cannot proceed on a claim for negligence and the defendant is entitled to summary judgment.

## III.    Conclusion

The plaintiff fails to put forth prima facie evidence of causation. Summary judgment is therefore appropriate.


The entry shall be:

Defendant's motion for summary judgment is GRANTED.

SO ORDERED.

DATE: *Apr 26* 2016

_____
John O'Neil, Jr.
Justice, Superior Court

7